UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION
COURT FILE NO.: _____

| | |
|---|---|
| Brian Spellen,<br><br>   Plaintiff,<br>v.<br><br>OneMain Financial, Inc.,<br><br>   Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here in Birmingham, Jefferson County, Alabama, as well as the fact that the Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Brian Spellen (hereinafter "Plaintiff") is a natural person who resides in the City of Fultondale, County of Jefferson, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5. Defendant OneMain Financial, Inc. (hereinafter "Defendant OneMain Financial" or "OneMain") is a foreign financial and debt collection firm that engages in the business of debt collection. It conducts business within the State of Alabama. Its principal place of business is in the State of Maryland, and it is incorporated in Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Another individual who previously owned the cellular phone number belonging to Brian Spellen allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant OneMain then either assigned the debt to another collector and/or pursued same through an internal debt collection branch of the company.

8. After receiving the assignment, Defendant OneMain began harassing collection activities against Plaintiff.

9. For a period of several months, Defendant OneMain and/or the collectors employed by Defendant OneMain repeatedly and willfully made a large number of harassing calls, and contacted Plaintiff on his cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Defendant OneMain refused on one or more occasions to give the mini-miranda and other disclosures as required when leaving voicemails in its efforts to collecting the debt.

11. Plaintiff on more than one occasion informed Defendant OneMain that they were contacting the wrong number.

12. Defendant OneMain illegally used an autodialer, predictive dialer, and/or pre-recorded calls to Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

13. Plaintiff never gave Defendant permission to call Plaintiff's cell phone, to call with an autodialer, predictive dialer, or to use pre-recorded calls.

14. Defendant OneMain is liable for these calls under the TCPA, even in the event that these calls were made by its debt collector, as they were collecting this account on behalf of Defendant OneMain.

15. The harassing and repeated phone calls have been made within the applicable statute of limitations period.

### *Telephone Consumer Protection Act*

16. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

17. At all times relevant to this complaint, the Defendants, separately or collectively, owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

18. The Defendants at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

19. The Defendants at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

20. At all times relevant to this complaint, the Defendants used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

*21.*   At all times relevant to this complaint, the Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

22.   Defendants telephoned the Plaintiff's cellular phone on numerous occasions and left pre-recorded messages on the Plaintiff's answering service and in violation of the TCPA.

23.   Defendant OneMain and its collectors repeatedly called Plaintiff on his cell phone using an automatic telephone dialing system and left voice mails on the cell phone in an attempt to collect this debt.

24.   On many of these messages, Plaintiff heard a message from Defendant OneMain telling him to return the call and leaving a reference toll free number.

25.   Plaintiff received an excessive amount of these auto-dialed calls from Defendant OneMain.

26.   These messages, sent in willful violation of the TCPA, from Defendant OneMain to Plaintiff also failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11).

27.   These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(1), 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(10), 1692e(11), 1692e(14), and 1692f, amongst others, as well as violations of the TCPA.

### *Summary*

28. All of the above-described collection communications made to Plaintiff by Defendant OneMain and other collection employees employed by Defendant OneMain, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

### TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant OneMain and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

32. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## COUNT II.
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. Section 227 et seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendants made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

35. The acts and or omissions of Defendant OneMain at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

37. Defendant did not have the prior express consent from Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

38. Defendant OneMain made such calls willfully, and in direct contradiction to the law as well as Plaintiff's request to cease calls on this cellular phone.

39. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

40. Defendant OneMain willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

41. Plaintiff is entitled to injunctive relief prohibiting Defendant OneMain from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

# COUNT III.
# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

43. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

44. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

45. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, after being told to stop, and thereby invaded Plaintiff's privacy.

46. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

47. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

48. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

### COUNT II.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 6, 2013 **The Blankenship Firm, LLC**

By: **/s/ Joel R. Blankenship**
Joel R. Blankenship, Esq.
Attorney I.D.#ASB-4071-L75B
1201 19th Street North
Birmingham, AL 35234
P: 205-328-3358
F: 205-803-4322
E: jrb@TheBlankenshipLawFirm.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA            )
                            )
COUNTY OF JEFFERSON          )

Plaintiff Brian Spellen, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Brian Spellen

Subscribed and sworn to before me
this 6th day of May, 2013.

_____
Notary Public